BELLOWS FALLS CANAL COMPANY *v.* TOWN OF ROCKINGHAM.

*Taxes. Grand List. Water Power.*

Property consisting of several buildings connected together may be set in the grand list together under an appropriate name, or may be divided up, giving the value of each building by itself.

The statute, § 20, ch. 83, G. S., providing that the listers shall set in the list of each taxable person the quantity of real estate owned or occupied by him, has reference to farms and agricultural lands, not to small parcels used for buildings, where the value depends on mere location and business; but if not so set in the list in either case, it does not render the list void, or give the owner any action against the listers, or the town, without showing that the neglect has worked him some loss or injury.

When a water power is applied to a mill or factory, it should be taxed with and as a part of it, and when unimproved, it should be taxed with the land to which it belongs, if its existence adds to the value of the property.

ASSUMPSIT to recover for money collected for taxes in Rockingham in 1860. Trial by the court by the consent of the parties, September Term, 1864, BARRETT, J., presiding.

The plaintiffs claimed to recover on the ground that the list of the plaintiffs' property included within the bracket below was improperly made, and is invalid. The case was tried upon an agreed statement of facts, from which it appeared that the property taxed con-

Canal Co. *v.* Rockingham.

sisted of the locks and canal, and buildings, consisting of mills, shops, dwelling houses, &c., standing upon the margin of the canal, and land; and that the same was set in the list of 1860, as follows:

| | |
|---|---:|
| Bellows Falls Canal Company, house, barn and tripe house, 1-4 acre, | $ 350 |
| Locks and canal, | 9000 |
| Two offices, | 700 |
| Old blacksmith shop, | 200 |
| New blacksmith shop, | 500 |
| Saw mill, | 1500 |
| House on beach, | 250 |
| Iron foundry, | 600 |
| Double D. House, | 800 |
| Peg factory, | 750 |
| Machine shop and blind shop, | 1400 |
| Buildings on three acres, | 900 |
| Church mill, 12 1-3 acres, | 1250 |
| Meadow land 14 acres, | 2100 |
| Meadow 12 acres near meeting house, | 2100 |
| Total, | $22400 |

It appeared from the listers' statement agreed upon by the parties, that they examined the real estate included under the head of locks and canal, and came to the conclusion that it should be appraised at the sum of nine thousand dollars, and so appraised it; that from the point where the water is taken from the river into the canal, to the point where the same empties into the river again, being conveyed through the locks and canal, is a distance estimated at one hundred and sixty rods; and the width of the canal is about sixty feet, and a strip of land on each side of the canal is about twenty feet wide, making the entire width of the canal and land one hundred feet; that the above described estate is not appraised under any other head, and is not included in the list under any other item in said town of Rockingham; and that at the time of the appraisal the locks and canal were useless and worthless for the purposes of navigation, and had been abandoned by the canal company for such use, and that the canal was used simply for a reservoir from which water

was drawn to supply the several mills, and that the mills with the water power that propelled their machinery were all separately appraised and adjudged, as appears by the grand list, and further that they appraised the locks and canal as real and not personal estate. The plaintiffs paid upon the appraisal of 1860, for town

| | |
|---|---|
| taxes, | $216,00 |
| Bellows Falls village taxes, | 45,00 |
| Bellows Falls district school taxes, | 115,20 |

All which was paid before the date and service of the plaintiffs' writ in this case, and amounts to $376,20.

The defendant conceded that the canal company was duly chartered, &c.

Upon these facts the court *pro forma* rendered judgment for the defendant,—to which the plaintiffs excepted.

*Field & Taylor*, for the plaintiffs, cited *Henry* v. *Chester*, 15 Vt. 470 ; *Spear* v. *Braintree*, 24 Vt. 414 ; *Torrey* v. *Millbury*, 21 Pick. 65 ; *Thames Manufacturing Co.* v. *Lathrop*, 7 Conn. 550 ; *Thayer* v. *Stearns et al.*, 1 Pick. 482 ; *Thurston* v. *Little*, 3 Mass. 429 ; *Hutchins et al.* v. *Moody*, 34 Vt. 433 ; *Stearns* v. *Miller et al.*, 25 Vt. 20 ; *Boston Manufacturing Co.* v. *Newton*, 22 Pick. 22 ; *City of Lowell* v. *County Commissioners of Middlesex*, 6 Allen, 131 ; *Drew* v. *Davis*, 10 Vt. 506 ; *Libby* v. *Burnham et al.*, 15 Mass. 144.

*H. E. Stoughton*, for the defendant, maintained that the school district and village corporation taxes are not recoverable in this action. *Spear* v. *Braintree*, 24 Vt. 419 ; *Vt. Central R. R.* v. *Burlington*, 28 Vt. 193 ; *Slack* v. *Norwich*, 32 Vt. 823. The burden of proof is on the plaintiffs to establish the invalidity of the town tax. *Briggs* v. *Whipple*, 7 Vt. 20.

The requirements of the statute as to inserting in the list the number of acres, cannot affect the relation as between individuals in towns. Treating this omission as an irregularity which does not render the tax void, which is the most favorable ground for the plaintiffs, and that in such case they, in the action for money had and received, are entitled to recover the damage they have sustained, what sum are they entitled to recover? Certainly nothing, for the case fails to show any damage, and it is impossible to conceive of any. *Fairbanks* v. *Kittredge*, 24 Vt. 12 ; *Spear* v. *Braintree*, 24 Vt. 414 ; 25 Vt. 20.

POLAND, Ch. J. The burden of proof is on the plaintiffs to show that the taxes sought to be recovered back in this action, were illegally collected. It is claimed that the plaintiffs' grand list upon which the taxes were assessed was illegal and void, and so the taxes assessed on it void.

1st, Because the same property was twice included in the list and thus the plaintiffs made to pay double taxes upon it. That the whole property was put in, under the head of *locks and canal*, and again in items of *buildings, shops, &c.*

The case instead of showing this, (as the plaintiffs would be bound to do, in order to recover on this ground,) shows exactly the contrary. The property being all connected together, not divided into separate parcels at all, the listers might properly have set it in the list in one gross sum, under any appropriate name or description so as to be reasonably certain what made up the list.

But the fact that they divided it up separately, giving the value of each building by itself, was equally proper, unless thereby the property or some of it was thus put twice in the list.

It does not appear very distinctly, whether under the head of *locks and canal*, the listers intended to include the land covered by the buildings, and then added the value of the buildings alone, without reference to the land covered by them, or whether with each building they included the value of the land it occupied. And we do not regard it as at all material which way it was done, if no more than all the land, and all the buildings, were once included in the list. There is no evidence that any injury or prejudice resulted to the plaintiffs from the mode adopted in making up their list.

2d, Because the listers neglected to ascertain the quantity of land, and to state the quantity of land in the list.

This requirement of the statute is evidently for the purpose of enabling the county average and equalization to be made between the different towns in the county, and the state average to be made between the different counties, so that it may appear at what rate per acre the lands of a town have been appraised and set in the list. The only object to be attained by this, is attained by having it done in reference to farms, and agricultural lands, and can be of no avail in reference to small parcels, used for business, as for factories, mills,

stores, &c., or for mere dwellings and gardens, where the value depends on mere location and business.

But where it is required, as in the case of a farm, it is not for the benefit of the owner, but for public purposes, and if neglected to be done in such cases, it does not render the list void, or give the owner any action against the listers, or against the town, without showing that it has worked him some loss or injury. Such provisions, so far as the tax-payer is concerned, are to be considered as directory merely. *Torrey* v. *Millbury*, 21 Pick. 64.

3d, The plaintiffs claim the listers should have stated how much land they appraised with each of the buildings separately.

If it is to be inferred they appraised any land with those buildings, we think it must be so much as each building covered, and there is nothing in the case to show that in fact any more was specially attached to, or used with the building.

4th, The plaintiffs claim that the value of the canal as a reservoir, furnishing water power, was either twice included, once under the head of *locks and canal*, and again with each mill and shop, or else that it was wholly included under the head of *locks and canal*, separate from the mills carried by it, and that either mode made the list illegal.

It does not appear but that such part of the water power furnished by the canal, as was applied to any mill or shop, was included in the valuation of such mill or shop.

If there was any remaining capacity in the canal to furnish water power, not used, which made the structure or reservoir more valuable, it was properly appraised with, and as a part of the property itself. It may be conceded that a water power, as such, unconnected with any mill or other erection, and disconnected from any land, is not a proper subject of taxation.

But when applied to a mill or factory, to the extent it is thus applied, it becomes a part of the mill or factory itself, and should be taxed with, and as a part of it; and when unimproved, it is to be taxed with the land to which it belongs, if its existence adds to the value of the property. *Boston Manuf. Co.* v. *Newton*, 22 Pick. 22.

In *City of Lowell* v. *Co. Comm'rs of Middlesex*, 6 Allen, 131, the proprietors of the locks and canals on Merrimac river, (which were

made for the purpose of creating and furnishing water power,) had leased or contracted portions of the water power to certain companies, and the same was used for operating their factories or mills. These mills and factories were assessed at an increased rate, in consequence of the use of such power.

The owners of the locks and canals had a surplus water power which was unemployed. In assessing the value of the locks and canals, this surplus water power was added to their value, and it was decided that this was proper and legal.

That case seems fully to justify the action of the listers in the present case, so far as we are able to learn from the exceptions and accompanying papers what was done.

We have been wholly unable to find in this case, that there has been any double taxation of any portion of the plaintiffs' property, or that anything was done by the listers in assessing their property that has worked them any wrong. Nor are we able to discover any such irregularity in the form or mode of making up their list, as should render it void; and if there has been a failure to comply with all the requirements of the statute, they are not of a character that could prejudice the plaintiffs, or of which they can be heard to complain.

Judgment affirmed.