George Andrews, J.,
delivered the opinion of the Court.
The question in this case, is, whether the Memphis Gas-light Company is liable for a tax upon the assessed valuation of the main and service pipes, owned and used by it for the purpose of conveying and distributing the gas manufactured by the company, through the City of Memphis.
The right to tax this property is claimed under sec. 541 of the Code, which provides that, “all saw, grist, and other mills, distilleries, breweries, founderies, forges, establishments for mining, quarrying, making gins of carriages, and other manufacturing establishments,” shall be taxable.
If the pipes laid down by this company are properly to be considered as part of a “manufacturing; establishment,” then the tax in question is properly assessed. It is not denied that the lot actually occupied by the works of the company, with its buildings, furnaces, reservoirs and fixtures, is liable to taxation under the above recited provisions of the statute, but it is insisted that the pipes used for conveying the *312 manufactured gas to the consumers, and laid down, not upon tlie land of the company, but through and under the public streets of the city, are not a part of the manufacturing establishment.
Pipes laid through the streets of the city, in the manner above mentioned, by permission of the corporate authorities, do not become the property of the city, or a part of the realty. They are personal property, and the property of the company.
In order that a particular article or class of articles should constitute a part of a manufacturing establishment, it .is not essential that they be actually employed in the process of manufacture. The establishment includes, also, all the usual and necessary appliances for storing, measuring, weighing, packing, and delivering the manufactured article, after the process of manufacture is completed. Thus the tanks or reservoirs, and the principal meter of a gas company, used for storing and measuring the gas preparatory to its distribution to the consumers, are a part of the manufacturing establishment, though they are not at all employed in the process of manufacture. And this fact would not be otherwise, though such reservoir and meter might be located upon the premises of others, and at a distance from the place of actual manufacture. They are a part of the usual and necessary appliances of such an establishment, and without which the gas • manufactured could not be preserved or delivered to the consumer. 'A
The Memphis Gas-light Company is a corporation created for the purpose of manufacturing, and of deliv *313 ering illuminating gas to tbe citizens of Memphis. The delivery in a particular mode is as much within the purpose of its creation, as the manufacture; and from the nature of the article manufactured, the apparatus for delivery is merely an extension and continuation of the apparatus for manufacture — both belong to the establishment. Of course this does not include pipes owned by the city, or by private persons, and into which the gas company deliver the gas for consumption. The appliances of the establishment go no further than the apparatus for manufacture and delivery: See 37 Vt., 622, cited in 1 Am. Law Rev., 361.
It follows that the property mentioned in the record in this cause was properly assessed for taxation, and it must be so certified.’