## AMOSKEAG MANUFACTURING CO. *v.* CONCORD.

When a mill-pond is in towns A and B, and the water-power is wholly used in B, a right of flowing land in A and using it as a part of the basin that maintains the head and furnishes the power is taxable in A, and not in B.

PETITION, for abatement of taxes assessed on the plaintiffs' property in Concord in 1888.    Facts found by referees.    The plaintiffs own a dam and land under and on both sides of Merrimack river at Garvin's falls, where the river is the western boundary of Concord and the eastern boundary of Bow.    Of

the plaintiffs' land, about seven hundred acres are in Concord; the portion in Bow is much less.  There is no canal or building on their land in Concord, and the water-power (made available by the dam) has never been used on the Concord side.  In Bow, a part of the river flows from the dam through a canal on the plaintiffs' land.  For more than fifty years a canal around the falls has been used in Bow, at first for navigation, and for working a saw-mill and grist-mill, and during the last five years or more for working a pulp-mill which the plaintiffs do not own.  April 1. 1888, the value of the plaintiffs' realty in Concord, including the Concord part of the dam and excluding the water-power, was $36,250; the value of the entire water-power in Concord and Bow was $25,000; the value of the water-power taxable in Bow was $13,000, and the value of the water-power taxable in Concord was $12,000.

*D. Cross,* for the plaintiffs.  The water-power is taxable in Bow, where it is and has been used as appurtenant or incident to the real estate.  *Boston Manufacturing Co.* v. *Newton,* 22 Pick. 22; *Bellows Falls Co.* v. *Rockingham,* 37 Vt. 622; Hilliard Taxation, c. 5, s. 33; *Winnipiseogee Lake Co.* v. *Gilford,* 64 N. H. 337.  If it had been used on the Concord side, it would have been taxable in Concord.  If the plaintiffs should remove the present dam, and build another thirty rods further down stream where the eastern half would be in Pembroke and the western half in Bow, the water-power would be taxable in Bow if used there, and in Pembroke if used there.

*H. G. Sargent,* for the defendants.  The land in Concord is valuable because of its form and extent which give it a capacity for holding water, and also from its situation which enables it to receive a constant supply of water to be held and poured out; and the fact that the water is poured out in the town of Bow does not change the geographical situation of the land in Concord.  The capacity of the basin for receiving, holding, and pouring out a constant supply of water is a quality of the land; and the eastern half of the basin, being in Concord, is taxable there.  G. L., c. 54, s. 11; *Cocheco Manufacturing Co.* v. *Strafford,* 51 N. H. 455, 472; *Winnipiseogee Lake Co.* v. *Gilford,* 64 N. H. 337.

ALLEN, J.  "Real estate must be taxed in the town where it is situated.  G. L., c. 53, s. 2; c. 54, s. 11.  'The words "land," "lands," or "real estate" shall include lands, tenements, and hereditaments, and all rights thereto and interests therein.'  G. L., c. 1, s. 20. . . .  Water-power, or rights in a reservoir of water, are an interest in the land upon and by which they are created, and by the express terms of the statute must be taxed in the town where the land of which they are a part is situated.  Although they may be so far severed from that land and annexed

to land situated in another town as to pass without special mention in a conveyance of the latter, their geographical location is not thereby changed." *Winnipiseogee Lake Co.* v. *Gilford,* 64 N. H. 337, 348. In that case, the plaintiffs (citing 22 Pick. 22, and other authorities) seem to have contended that New Hampshire water-power, when used with mills situated in Massachusetts, becomes annexed to those mills, and is taxable in Massachusetts (with the mills to which it is incident), and not in New Hampshire. The decision established the opposite view, and left no open question in this case. In *Bellows Falls Co.* v. *Rockingham,* 37 Vt. 622, there was no question of taxability in different towns.

The dam and the bed and banks of the river at Garvin's falls are a basin from which water may be drawn to turn a wheel in Concord or in Bow, or to equalize the stream in Massachusetts by equalizing it in New Hampshire. The capacity of the basin to furnish water for such uses is evidence of its salable and taxable value. Its value may largely depend on the quantity and head of water constantly flowing through it. The pond is as high in Concord as in Bow, and if the referees did not regard the canal in Bow as a part of the water-power, it does not appear, except from their estimate of values, that any of the elements of which the water-power is composed are unequally divided by the thread of the river which is the municipal boundary. As a site for a canal and mill, the western side may be more valuable than the eastern. Aside from the canal and the referees' appraisal, the facts specifically found by them do not show that, in capacity to furnish power, the Concord portion of the basin is less valuable than the other, or is worth less than $12,000 (the amount at which they appraised it). There is no apparent error of law or fact in their report.

If A, owning a farm in Bow and an adjoining farm in Dunbarton, sells to B the Dunbarton farm and a perpetual right to carry to it, in aqueduct pipes or otherwise, the water flowing from a spring on the Bow farm, the easement thus created in Bow land, and in some legal sense, and for some legal purposes of title, annexed to Dunbarton land, is in Bow, and is taxable in Bow to its owner. If each farm, without the benefit or burden of the easement, would be worth $2,000, and if the easement is worth $100, and the creation of it by deed and the annexation of it to the Dunbarton farm makes that farm (with the easement) worth $2,100, and takes $100 from the value of the whole title of the Bow farm, the Dunbarton farm is taxable to B in Dunbarton at $2,000, the easement is taxable to him in Bow at $100, and the rest of the Bow farm is taxable to A at $1,900. After the conveyance of the interest in the Bow farm from A to B, giving B a right to carry the water to the Dunbarton farm, and after he exercises that right, there is as much water-producing real estate in Bow as

there was before. Whether the water is carried in buckets or in a canal, Bow is the town in which it is taken from the spring and diverted from its natural course. B has no easement in his own land. His right to carry the water from the common boundary of the farms across his land in Dunbarton to his house and barn is not an interest in Bow land. The easement begins at the spring and ends at the boundary of the Bow farm. No alteration in the value of the fountain, or in the place of its taxation, results from the mere division of the title of the Bow farm or from the use of the water in Dunbarton. If the easement were terminated by a reconveyance, an increased demand for the water in adjoining towns might increase the value of the spring and of the Bow land of which the spring is a part. If a town line ran through the middle of the spring, and all the water was used on one side of the line, the land in each town, including its capacity to furnish water as well as its capacity to produce crops, would be taxable on its own side of the line.

The statute of taxation applies the same geographical test to springs and mill-ponds. When, for some purposes, in contemplation of law, a right of way, a right to take water from a spring, and a right to fill a natural or artificial pond or raise the water in it above the natural level and to draw water from it (or from the east or west half of it), are severed from the town in which they exist and in which they must be exercised, and annexed to land in another town, a change in the place of taxation fixed by statute is not one of the purposes of the common-law severance and annexation.

On the question of the place of taxation, the plaintiffs' right to sell the Bow part of their basin at Garvin's falls, and with it an easement in the Concord part of the same basin, is as immaterial as a sale creating such an easement, and making such a division of the title of the Concord part; and by electing to use the Concord part of their water-power in Concord or in Bow, they cannot determine in which town the power-producing capacity of their Concord land shall be taxed. In other words, they cannot, by any disposition of title or use of water, alter the statutory provision that real estate, including land and all rights thereto and interests therein, shall be taxed in the town in which it is situated. The Concord part of the basin cannot be a power-producing reservoir in Bow. Whether used or not, the plaintiffs' water-power is an element of their salable and taxable land. The value of the Bow bank of the river may be diminished by destroying the canal. The value of the Concord bank may be increased by building a mill and digging a canal upon it. After such changes of value, and after a disuse of the water-power or a transfer of its use from the Bow to the Concord bank, the Bow part of the dam, the Bow bank, the Bow portion of the bed of the river, including their capacity for valuable use as a part of the basin, and the

water-power furnished by that part, being in Bow, would be taxable in that town as land.

*Judgment on the report.*

BLODGETT, CARPENTER, and CHASE, JJ., did not sit: the others concurred.