The main question in the .cases has been decided by Judge Pfleger, of the common pleas court, in an action, however, in which the plaintiffs were not parties; and the same question for that reason is now presented me for decision.
The following statement of facts taken from the opinion in the common pleas court is admitted by the parties to be correct, and is alleged substantially in the petition in this case:
“Daniel DeCamp was the owner of a lot in fee simple on the west side of Main street south of Third, and acquired by a perpetual lease from George H. Williamson, the owner of the lot immediately adjoining said DeCamp’s lot on the north, a leasehold interest in said Williamson’s lot, the lease providing that the lessee should pay all taxes and assessments. Being thus in control and in the occupancy of these two lots, DeCamp erected a six-story brick store over the entire two lots, without reference to the lot lines, which was capable of being divided into two buildings with reference to..said dividing line, but had been used as an entirety. The property, .thus situated was assessed by the decennial assessor as a whole,-and the entire appraisement of the two lots and buildings w;as carried out in one gross sum as the tax value of the entire property, upon .,which the annual levies were calculated.
“Daniel DeCamp having died, the property as an entirety descended to his heirs as tenants in common in undivided one-sixth interests, and they continued for a time td perform the obligations of the lease, but thereafter defaulted in the payment of the taxes for a number of years, such taxes amounting to $2,-256.44. These two lots, with the building thereon, were placed upon the forfeiture list, the same never having been sold for taxes for want of- bidders. ...
• “Freeman, the plaintiff,.became the purchaser of an undivided ■ one-sixth interest in the property, and paid his one-sixth part of the entire tax-» annually. Morison E. Waite was appointed re *3 ceiver in another action pending in this court, representing creditors of the DeCamp heirs, and by attachment proceeding brought prior to this partition case, and by judgment in another action brought after the beginning of this suit, obtained a lien upon -the undivided five-sixths of the property belonging to the DeCamp heirs. After several unsuccessful efforts to sell the property by a partition sale herein as an entirety, the two lots were appraised separately, and the leasehold estate was sold for sixty-seven cents, and the other lots sold in fee for $8,000. Both sales were confirmed. ’ ’
It was attempted in that case to compel the payment of all taxes charged against both parties, to be paid out of the proceeds of the lot sold in fee, but the common pleas court, ordered a division of the tax charges proportioned to the value of the entire estates in said two lots and the taxes charged upon the south lot were alone paid out of the proceeds of its sale, and the taxes charged against the north lot remained .unpaid upon the tax list of forfeited property, the same'being divided in undivided shares and charged in four different names upon the tax list, the taxes on one part standing now in the name of Charles II. Wiltsie being paid, while those charged on the other three parts constituted the three charges complained of in these three several suits.
1 The law requires that property shall be taxed in the name of the owner. The south tract owned in fee by DeCamp was therefore properly taxed in his name.
In Cincinnati College v. Yeatman, 30 Ohio St., 276, it was held that permanent leasehold estates in which the lessee covenants to pay the taxes shall be taxed in the name of the lessee. The north tract, therefore, was also properly taxed in the name of DeCamp.
As DeCamp used both tracts as one piece, and built thereon a building used as one building, although susceptible of division into two buildings at the line dividing the two tracts, it was proper to appraise the tracts with the building thereon as one piece of property. Boston Water Co. v. Boston, 50 Mass. (9 Metc.), 199; Weaver v. Grant, 39 Ia., 294; Bellows Falls Canal Co. v. Rockingham, 37 Vt., 622; 22 Am. & Eng. Enc. of Law, 222, *4 and notes; Mix v. People, 4 N. E. Rep., 783 (116 Ill., 265), syllabus 3.
Many selections of the tax laws have been cited by counsel upon both sides as bearing upon the questions at bar, which, in my opinion, have no such bearing. They relate to the power of the auditor to correct mistakes in the duplicate or to place upon the duplicate omitted property. In this case the property was not omitted from the duplicate, nor, as I have previously stated, was there any mistake in the manner in which it was charged upon the duplicate.
The subsequent action of the auditor, after two tracts had been sold separately by order of court and the sale confirmed (leaving out of view the question of penalties), was justified by Section 1025, Revised Statutes, which is as follows:
“The auditor shall, on application and presentation of title, with such affidavits as are required by law, or the proper order of a court, transfer any land or town lot, or part thereof, charged with taxes on the tax list, from the name in which it stands, into the name of the owner, when rendered necessary by any conveyance, partition, devise, descent, or otherwise; and if, by reason of the conveyance or otherwise, a part only of any tract or lot, as'charged on the tax list, is to be transferred, the party or parties desiring the transfer shall make satisfactory proof of the value of such part as compared with the valuation of the whole, as charged on the tax list, before the transfer is made; and the auditor shall indorse on the deed, or other evidences of title presented to him, that the proper transfer of the real estate thereof described has been made in his office, or that the same is not entered for taxation, and sign his name thereto. ’ ’
The argument 'of plaintiffs with respect to this section is that it applies only to future taxes and does not apply to taxes charged against the property at the time of the transfer.
I think such a construction too narrow and in direct conflict with the express lanuage of the statute which speaks of the property as “charged with taxes” at the time the transfer is made. Surely the statute does not intend that the transfer of a part of a tract charged with taxes shall work a forfeiture against the state of any of the taxes so charged;.and it is equally certain, I think, that the intention is by having the part of the *5 tract valued which is sold and the part of the tract remaining valued to fix the proportion of the taxes so charged which each portion of the tract shall bear. The action of the auditor, in obedience to the order of the court, was in conformity with the requirements of this section and was therefore lawful.
Robert B. Bowler, for plaintiff.
Oliver. B. Janes, for defendant.
•As only sixty-seven cents was realized from the sale of the leasehold of the north tract, the fee- of which is owned by the plaintiffs, only that amount was available for the payment of the taxes on that tract. The taxes remaining were chargeable against the fee, since taxes are levied on the corpus of property and not upon the title by which they may be held (St. Bernard v. Kemper, 60 Ohio St., 244); and since Section 2897, Revised Statutes, provides that:
“Where lands or lots, liable to taxation, are held upon permanent lease, and with the improvements thereon are taxed in the name of the, lessee, if the same are suffered to become delinquent and are brought to sale by the county auditor for the non-payment of the tax, interest and penalty due therein, such sale shall be confined to the right of the lessee in the premises and the improvements thereon, if the same shall be sufficient to meet the tax, interest and penalty so assessed and due.”
It may be, in view of the decision in Matthews v. Lewis, 18 C. C., 134, that the penalties have been improperly imposed. The allegations of the .petition are very general, and I think good as against a demurrer. I think they are sufficient to require the auditor to set up by answer such facts as show that the penalties have been lawfully imposed.
Demurrer overruled.