### TOWNSHIP OF BEAVERTON *v.* LORD.

1. TAXATION—EQUITY—JURISDICTION TO REVIEW ACTION OF BOARD OF STATE TAX COMMISSIONERS.

    A court of equity has jurisdiction to set aside the action of a member of the board of State tax commissioners, acting as the board, in review of a township assessment roll.[1]

2. CERTIORARI—WILL LIE ONLY TO REVIEW JUDICIAL ACTS.

    Certiorari is not the proper remedy to review an action of a member of the board of State tax commissioners, acting as the board, in review of a township assessment roll, since certiorari will not lie to review acts not done in exercise of judicial power or authority, but merely ministerial, executive, or legislative in character.[2]

3. TAXATION—ACTS OF BOARD OF STATE TAX COMMISSIONERS MAY BE REVIEWED ALTHOUGH STATUTE PROVIDES NO APPEAL.

    Although Act No. 265, Pub. Acts 1921, declares that the action of the board of State tax commissioners shall be final, and affords no remedy by way of appeal, their actions are not thereby rendered beyond judicial reach; the constitutional right not to be deprived of property except by

[1]Taxation, 37 Cyc. p. 1113 (Anno); [2]Certiorari, 11 C. J. §§ 67, 70; Taxation, 37 Cyc. p. 1121.

Taxation of water power on interstate stream, see note in 18 L. R. A. (N. S.) 755.

the law preventing deprivation of the right to have an impartial tribunal before which public authorities may be called to justify their proceedings.[3]

4. SAME—SITUS OF PROPERTY.
   Courts may review questions of *situs* of property for the purposes of taxation.[4]

5. SAME—FLOWAGE RIGHTS TAXABLE WHERE LAND LOCATED.
   Although the right of flowage of a power company is an appurtenance to a power plant located in a city, it is taxable in the township in which the lands overflowed are located rather than in the city.[5]

Appeal from Gladwin; Smith (Guy E.), J.   Submitted April 29, 1926.   (Docket No. 123.)   Decided June 7, 1926.

Bill by the township of Beaverton and another against George E. Lord, member of and acting as the State board of tax commissioners, and the Beaverton Power Company to set aside an order striking certain flowage easements from the assessment rolls of plaintiff township.   From a decree dismissing the bill, plaintiffs appeal.   Reversed, and decree entered for plaintiffs.

*Kinnane & Leibrand,* for plaintiffs.

*Campbell & Foster,* for defendant Beaverton Power Co.

WIEST, J.   The bill in this case was filed to set aside action of defendant George Lord, member of and acting as the board of State tax commissioners in review of a township assessment roll.   Plaintiff Cole is a resident taxpayer in the township.   The Beaverton Power Company is a corporation, owning and operating a power plant within the corporate limits of the city of Beaverton with power supplied by a

[3]Taxation, 37 Cyc. p. 1136; [4]Id., 37 Cyc. p. 1136; [5]Id., 37 Cyc. p. 950.

dam at that place across the Tobacco river.    The power company has by deeds acquired in perpetuity right to flood certain lands in the township of Beaverton.    On the township assessment roll for the year 1924 the several parcels of land so flooded were valued as "a special flowage easement of the Beaverton Power Company," and assessments were made against the Beaverton Power Company upon each parcel to the extent of flowage under the head of flowage easement. The assessed value thereof totaled $8,075.    The power company complained of such assessments to the State tax commission, and defendant Lord held a hearing and determined that the flowage rights within the township were assessable only as a part of the real property of the Beaverton Power Company within the taxing district of the city of Beaverton, and removed the assessments from the township roll.    This action resulted in depriving the township of such taxable value to the detriment of each taxpayer in the township, and increased plaintiff Cole's tax to the amount of 70 cents.    In the circuit the bill was dismissed on the ground the court of equity had no jurisdiction. The case is here by appeal of plaintiffs.

The power company asserts the commissioner was right in point of law.    Defendant Lord denies equity jurisdiction in the premises; points out the fact the suit is against only one commissioner and not the board, and avers the holding was right in point of law.    We think the circuit judge was in error in holding the court of equity has no jurisdiction.    Defendant Lord contends that certiorari from this court should be the remedy.    It has uniformly been held by this court that certiorari will not lie to review acts which were not done in the exercise of judicial power or authority, but were merely ministerial, executive, or legislative in their character.    *Greenville Gas, etc., Co.* v. *City of Greenville*, 165 Mich. 135.

The question here is of public moment, and, there-

fore, we shall pass technical questions relating to jurisdiction with only the following observations: Act No. 265, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 4151), declares:    *    *    *    "The action of said board or member done as provided in this act shall be final."    *    *    *    The tax law, therefore, affords no remedy by way of appeal, but this does not render the action of a member of the commission beyond judicial reach.    The constitutional right that no one shall be deprived of his property, except by the law of the land, prevents deprivation of the right to have an impartial tribunal before which the public authorities may be called to justify their proceedings.    See 4 Cooley on Taxation (4th Ed.), § 1610.

The question here is one of *situs* of the property for the purposes of taxation.    Courts may review questions of *situs* of property for the purposes of taxation. 4 Cooley on Taxation (4th Ed.), § 1612.    The law has not fixed *situs* of the property right here involved outside of the taxing district where it is situated, and it is questionable whether the legislature would have power to make real property, or a profit earning right impressed upon real property, taxable in a district in the State other than where it is in fact located.    See 2 Cooley on Taxation (4th Ed.), § 444.

The ponding of water in the township, while for the benefit of the power plant in the city, and, therefore, an appurtenance of the plant, employs taxable land in the township by impressing thereon a servitude, and must bear its burden of taxation in the township.    We note no distinction between holding the water back by a dam at the site of the power plant and a dam above that plant; for the purpose is storage of water, and land so used is to be taxed for its value for such purpose in the district where it is situated.

In *Glidden* v. *Beaverton Power Co.*, 223 Mich. 383, we held:

"The right of flowage or to dam water back above its natural level is an interest in land of value, in its nature an easement which an owner of full title can reserve when disposing of the fee, or he may retain the fee and deed the right of flowage to others as a perpetual easement. It can only be acquired by an instrument in writing under seal in the nature of a deed of conveyance, or by prescription."

In *Alpena Power Co.* v. *Caledonia Township,* 194 Mich. 622, we held that a dam erected in a township to pond water for power used in connection with another dam and a power plant lower down in a city was properly assessed in the township to the value of the purposes it served, even though it was an appurtenance of the power plant in another taxing district. An examination of cases on the subject discloses that courts are at variance in holdings.

In *Slatersville Finishing Co.* v. *Greene,* 40 R. I. 410 (101 Atl. 226, L. R. A. 1917F, 585), cases on the subject were reviewed and the following conclusion reached:

"In our opinion the better reason well supported by the weight of authority is: That land should be taxed with all its elements of value in the town where the land is situated. If land upon a stream has such topography either natural or artificial as to give to the land the capacity to control the current of the stream and to pour out the water of the stream from an elevation, thus creating water power, these circumstances enhance the value of that land and furnish a basis for taxation. This is true whether that capacity is employed to create water power to be used on that land or upon other land in another town or another State, and also even in case such capacity of the land is not employed at all. If water power thus created is conducted to mills situated elsewhere and there applied, that circumstance may reasonably be regarded as increasing the value of the mills receiving such power and may be considered in the taxation of such mills; but no element of value is thereby taken from the land where the power is created and transferred

and made appurtenant to the mills where the power is used."

We think this states the law.

In *Blackstone Manfg. Co.* v. *Inhabitants of Blackstone*, 200 Mass. 82 (85 N. E. 880, 18 L. R. A. [N. S.] 755), it appears that water was ponded in the State of Massachusetts and a power plant was a few feet over the line in the State of Rhode Island. There the claim was made that the power was annexed to the mill in Rhode Island and no tax could be laid in Massachusetts, "for any value in the land, or water, or structures, by reason of their use, or adaptability to use, as a means of furnishing power to run the mill." In holding the value imputable to the property in Massachusetts subject to taxation, the court stated *arguendo:*

"Suppose the owner of land in a neighboring State should purchase a right in land in this State, covering most of its value for use, and leaving the fee of the land unpurchased and almost worthless, and should attempt to annex it as an easement to his land in the other State; would he thereby deprive this Commonwealth of the right to subject the whole land in Massachusetts, including the purchased right, to taxation? Plainly not."

In *Amoskeag Manfg. Co.* v. *Concord,* 66 N. H. 562 (34 Atl. 241, 32 L. R. A. 621), it was held, quoting from the syllabus:

"When a millpond is in towns A and B, and the water power is wholly used in B, a right of flowing land in A and using it as a part of the basin that maintains the head and furnishes the power is taxable in A, and not in B."

In the opinion it was said that, under the statute, real estate must be taxed in the town where it is situated, and the words land, lands, or real estate shall include lands, tenements, hereditaments, and all rights thereto and interest therein. The court further said:

"'Water power, or rights in a reservoir of water, are an interest in the land upon and by which they are created, and by the express terms of the statute must be taxed in the town where the land of which they are a part is situated. Although they may be so far severed from that land and annexed to land situated in another town as to pass without special mention in a conveyance of the latter, their geographical location is not thereby changed.' *Winnipiseogee Lake, etc., Manfg. Co.* v. *Gilford,* 64 N. H. 337 (10 Atl. 849)."

The commissioner was in error in depriving the township and the taxpayers thereof of this value, properly taxable therein, and sending the same to another district for taxation purposes.

It will be decreed that such flowage rights within the township be assessed where the land upon which they rest is situated, and that the tax roll of the township, as it came to the hands of the commissioner with the assessments thereon of flowage rights, be restored as a valid tax against the defendant power company. Plaintiff will recover costs against the Beaverton Power Company.

Bird, C. J., and Sharpe, Snow, Steere, Fellows, Clark, and McDonald, JJ., concurred.